## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

GARRETT DAY LLC, et al., )
)
        Plaintiffs, )
)
v. )  CASE NO: 3:15-cv-00036-WHR
)
INTERNATIONAL PAPER COMPANY, et )  JUDGE WALTER H. RICE
al., )
)
        Defendants )

## ORDER

This matter having come before the Court on the Joint Motion for Approval of Settlement Agreement between Plaintiffs and Defendants Fox Valley Corporation, Fox River Paper Company, Fox River Paper Sales Company, and Neenah Paper, Inc. (now known as Neenah, Inc.) (collectively, the "Settling Defendants") ("Motion"), Doc. #281, and any response thereto, the Court finds that the proposed Settlement Agreement is procedurally and substantively fair and reasonable, and that it is consistent with the intent and policies of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*

**Accordingly, it is hereby ORDERED THAT:**

1)     The Motion, Doc. #281, is GRANTED.

2)     The Settlement Agreement between Plaintiffs and Settling Defendants, attached to the Motion as Exhibit A, is APPROVED, and the terms and conditions of the Settlement Agreement are hereby incorporated by reference into this Order as if fully restated herein.

1

3)     Subject to the Settlement Agreement, all claims asserted, to be asserted, or which could be asserted against Settling Defendants by the defendants in this case (whether by cross-claim or otherwise) or by any other person or entity (except the United States and the State of Ohio) for matters in connection with the former Howard Paper Mill Site located at 354 South Edwin C. Moses Boulevard in Dayton, Ohio (the "Site") under Sections 106, 107 or 113 of CERCLA and/or any other federal, state or local statute, regulation, rule, ordinance, law or common law, as the same may be amended or superseded, are hereby barred, permanently enjoined, dismissed with prejudice , satisfied and are otherwise unenforceable in this case or in any other proceeding.

4)     The payment of $45,000.00 by Settling Defendants to Plaintiffs shall be credited *pro tanto*, and not *pro rata*, during any equitable allocation of response costs among liable parties by the Court in this matter pursuant to 42 U.S.C. § 9613(f)(l). The liability of the litigants shall be reduced by the dollar amount of Settling Defendants' settlement payment, and the Court need not determine Settling Defendants' proportionate share of liability.

5)     Defendants Fox Valley Corporation, Fox River Paper Company, Fox River Paper Sales Company, and Neenah Paper, Inc. (now known as Neenah, Inc.) are dismissed.

6)     Pursuant to the authority contained in *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994), this Court hereby retains jurisdiction and shall retain jurisdiction after entry of final judgment in this case to enforce the terms and conditions of the settlement between Plaintiffs and Settling Defendants.

Dated: 12.9.19

**JUDGE WALTER HERBERT RICE**
**UNITED STATES DISTRICT JUDGE**

2