IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GARRETT DAY, LLC, *et al.*,

    Plaintiffs,

    v.

INTERNATIONAL PAPER
COMPANY, *et al.*,

    Defendants.

:

:    Case No. 3:15-cv-36

:    JUDGE WALTER H. RICE

:

---

DECISION AND ENTRY SUSTAINING PLAINTIFFS' MOTION FOR LEAVE TO
SERVE IN EXCESS OF FORTY REQUESTS FOR ADMISSION *INSTANTER*
(DOC. #263); SUSTAINING DEFENDANTS' REQUEST TO REOPEN
DEPOSITIONS OF PLAINTIFFS' EXPERT WITNESSES THOMAS SHALALA
AND RICHARD ST. JOHN

---

This matter is currently before the Court on two discovery-related matters:

(1) Plaintiffs' Motion for Leave to Serve in Excess of Forty Requests for Admission,

Doc. #263; and (2) Defendants' request to re-depose Plaintiffs' expert witnesses,

Thomas Shalala and Richard St. John.


I.    **Background and Procedural History**

On March 25, 2019, the Court issued a Decision and Entry on numerous

motions for summary judgment. Doc. #260. Therein, the Court noted that it had

previously reserved ruling on Plaintiffs' Motion for Leave to Obtain in Excess of

Forty Requests for Admission, Doc. #250, pending resolution of the motions for

summary judgment. Believing that the Decision and Entry may have eliminated the need for many of the requests for admission ("RFAs"), the Court overruled Plaintiffs' motion without prejudice, directed Plaintiffs to reevaluate the requests in light of the Court's decision, and to serve amended requests for admission on Defendants by April 15, 2019. The Court stated that "[i]f Plaintiffs continue to believe that more than 40 requests for admission are necessary, they may file an appropriate motion."

On April 15, 2019, Plaintiffs did just that, filing a Motion for Leave to Serve in Excess of Forty Requests for Admission *Instanter*, Doc. #263. Due to ongoing settlement discussions with the HPP Defendants and the Neenah/Fox Defendants, only Defendant International Paper Company ("IPC") filed a response. Plaintiffs' motion is now fully briefed. *See* Docs. ##273, 276.

On April 23, 2019, the parties filed an Amended Rule 26(f) Report, Doc. #264, but were unable to agree on recommended deadlines. Counsel further noted that there was a disagreement concerning whether additional depositions of Plaintiffs' expert witnesses, Ronald St. John and Thomas Shalala, could be taken given that the expert discovery deadline was November 2, 2018. On April 26, 2019, Plaintiffs filed Objections to Reopening Expert Discovery, Doc. #271.

The Court held a conference call on April 30, 2019, and directed counsel to file summaries of their positions on the question of re-deposing Plaintiffs' experts. Doc. #272. Those were filed at Docs. ##274 and 277.

## II. Plaintiffs' Request for Leave to Serve in Excess of Forty Requests for Admission (Doc. #263)

On April 15, 2019, Plaintiffs moved for leave to serve additional requests for admission ("RFAs") on each set of Defendants, including 15 additional requests to Defendant IPC. Doc. #263. As noted above, given possible settlement agreements with the HPP Defendants and Neenah/Fox Defendants, only Defendant IPC has filed a memorandum in opposition.[1] Plaintiffs want to serve fifteen (15) additional RFAs on IPC, and re-serve RFA 8. IPC objects to Plaintiffs' request. For the reasons set forth below, Plaintiffs' motion is sustained in part and overruled in part.

Local rules provide that "[u]nless there has been agreement of the responding party or leave of Court has first been obtained, no party shall serve more than forty requests for admission (including all subparts) upon any other party." S.D. Ohio Civ. R. 36.1. IPC notes that Plaintiffs failed to comply with this rule when they originally propounded 81 RFAs to IPC. Plaintiffs also failed to comply with S.D. Ohio Civ. R. 37.1 (requiring counsel to confer with opposing counsel prior to filing a discovery motion) when they filed their first Motion for Leave to Obtain in Excess of Forty RFAs, Doc. #250. The Court, in the interest of justice, will overlook these earlier technical rule violations in order to reach the merits of the discovery motion.

---

[1] The Court has recently approved settlement agreements with the HPP Defendants and the Neenah/Fox Defendants.

IPC also objects to Plaintiffs' motion on substantive grounds, arguing that Plaintiffs offer no legitimate justification for exceeding the 40-RFA limit. The Court disagrees. In their motion, Plaintiffs note that because IPC's predecessors owned the paper mill so long ago, it is difficult to elicit information from fact witnesses. Because almost all expert discovery has been completed, additional RFAs can now narrow the issues for expert summary judgment motions and for trial. Plaintiffs have adequately explained the need for the additional RFAs, and have already narrowed the scope of their requests as the Court asked them to do. The Court therefore SUSTAINS Plaintiffs' motion to the extent that it requests leave to serve 15 additional RFAs on IPC, Doc. #263. IPC shall respond to those additional RFAs within 30 days of the date of this Decision and Entry.

In the same motion, Plaintiffs also seek leave to re-serve a request related to the authentication of certain documents, RFA 8. They maintain that IPC failed to fully respond to the previous request. IPC's answer was as follows:

> **REQUEST FOR ADMISSION 8**: Attached hereto as Exhibit A is a list of documents identified by Bates Number and/or title and related parties, please admit:
> (a) The electronic version of each document produced and identified by Bates Number in Exhibit A is a true, correct, and genuine copy;
> (b) The genuineness and authenticity of the electronic version;
> (c) The electronic version (or printed copy thereof) is a business record pursuant to Federal Rules of Evidence 803(6) and admissible if relevant and not prejudicial.
>
> **ANSWER**: Objection on the grounds that Request for Admission No. 8 is vague, ambiguous, compound, overbroad, and calls for legal conclusions. Further, IPC further objects on the ground that the request to admit the genuineness of documents was not accompanied by a copy of the document in accordance with Fed. R.

Civ. P. 36(a)(2). Without waiving any objection, IPC admits that it produced true and accurate copies of the versions of the documents available to it, and denies the remainder.

Doc. #273-1, PageID##8025-26.

IPC maintains that it has fully answered RFA 8. It further notes that Plaintiffs filed no Objection to this original response. IPC suggests that mutual stipulations concerning the authenticity of documents are preferable to a unilateral, compound RFA.

Plaintiffs do not dispute that mutual stipulations would be a proper alternative but note that IPC has not yet so agreed to stipulate with respect to the historical documents that it produced. They further note that they have now served IPC with copies of all relevant documents, curing the alleged Fed. R. Civ. P. 36(a)(2) defect. In addition, Plaintiffs have already stipulated to the authenticity of many of their own documents.

In the interests of justice, the Court SUSTAINS Plaintiffs' motion for leave to "re-serve" RFA 8 and directs IPC to fully respond to Plaintiffs' request within 30 days of the date of this Decision and Entry.

## III.    Defendants' Request to Reopen Depositions of Plaintiffs' Expert Witnesses

The deadline for expert discovery was November 2, 2018. Defendants deposed Plaintiffs' expert witness Ronald St. John on October 30, 2018, and expert witness Thomas Shalala on November 2, 2018. Each deposition lasted approximately seven hours. Ten days prior to the depositions, the parties

5

exchanged certain materials.  Three days prior to the depositions, IPC noted

certain objections to the materials produced by Plaintiffs.  IPC maintains that these

objections were not resolved prior to the depositions.

According to Defendants, each deposition was held open on the record.

Defendants seek leave to reopen those depositions and extend the expert witness

discovery deadline.  They argue that additional time is needed because: (1)

Plaintiffs failed to provide all relevant materials 10 days in advance, including the

list of all documents relied on by the experts and all expert billing invoices; and (2)

Plaintiffs' experts claimed to have co-authored a single report and could not

identify which sections each had drafted.  According to Defendants, much

deposition time was spent trying to remedy these defects.  Defendants did not

have time to address Shalala's rebuttal expert opinions.  During the April 30, 2019,

conference call, Defendants asked for a combined total of six additional hours of

deposition testimony for each of these two experts.

Plaintiffs, however, consider the expert depositions concluded and

discovery closed.  They maintain that Defendants have not shown good cause for

reopening expert discovery.  Plaintiffs particularly object to giving Defendants six

additional hours without any restriction on topics of subject matter.  They argue

that this would be prejudicial and very costly to again prepare the experts for the

depositions.

Plaintiffs maintain that Defendants were timely provided with a

bibliography of materials relied on by the experts, although it was not

denominated as such.  With respect to the expert billing invoices, Plaintiffs note that Shalala sent a separate bill to St. John (which Plaintiffs were not given prior to the deposition), that this bill contained no new information, and that it was provided to Defendants before the end of Shalala's deposition.  To the extent IPC wants to question Shalala further regarding these invoices, Plaintiffs are willing to make him available for this limited inquiry.  In addition, Plaintiffs deny that joint expert witness reports are problematic.  They maintain that Shalala and St. John were clear that they share the opinions expressed in the reports, except where expressly noted.

Having reviewed the deposition testimony and the parties' arguments, the Court concludes that Defendants have established good cause to extend the expert witness discovery deadline and to reopen the depositions of Shalala and St. John.  Accordingly, the Court SUSTAINS Defendants' request.  Said depositions must be completed within 45 days of the date of this Decision and Entry.  Given that only IPC remains as a Defendant in this case, and to minimize prejudice to Plaintiffs, said depositions shall be limited to no more than three hours each.  In addition, at least 10 days prior to the scheduled deposition, IPC shall provide Plaintiffs with a detailed list of the exact topics yet to be addressed.

## IV.    Conclusion

For the reasons set forth above, the Court SUSTAINS Plaintiffs' Motion for Leave to Serve in Excess of Forty Requests for Admission, Doc. #263.  Defendant

IPC shall respond to the 15 additional RFAs and "re-served" RFA 8 within 30 days of the date of this Decision and Entry.

The Court SUSTAINS Defendants' request to re-depose Plaintiffs' expert witnesses, Thomas Shalala and Richard St. John. Said depositions shall take place within 45 days of the date of this Decision and Entry.

Date: December 12, 2019

WALTER H. RICE
UNITED STATES DISTRICT JUDGE